**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARGIE KERR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 11-CV-411-JED-PJC |
| v. | ) |
| | ) |
| EMERALD HOSPITALITY, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

The Court has for its consideration the Motion for Summary Judgment (Doc. 28) filed by plaintiff, Margie Kerr.

**I.      Background**

Plaintiff asserts claims for employment discrimination under the Americans with Disabilities Act ("ADA") and wrongful discharge in violation of Oklahoma law.  She alleges that she has cerebral palsy which renders her a "disabled person" within the meaning of the ADA, because it affects plaintiff's ability to walk and plaintiff walks with a noticeable limp.  Defendant owns and operates the Holiday Inn Express Hotel in Owasso, Oklahoma, at which plaintiff worked for approximately two weeks.  Plaintiff asserts that defendant discriminated against her and unlawfully terminated her employment because of her disability, in violation of the ADA and Oklahoma law.

Plaintiff has submitted evidence that her supervisor, Gretta McDonald (who was manager of the hotel), terminated plaintiff's employment due to plaintiff's disability and Ms. McDonald's negative perception of plaintiff's "leg," limp, and "health."  That evidence included plaintiff's testimony that, at the time Ms. McDonald fired plaintiff, McDonald stated "[i]t's your health, sweetie.  You have no business working two jobs with your leg the way it is.  It's just too much

for you." (Doc. 28-6 at 11; *see also* Doc. 28-1 at 35). Plaintiff also submitted sworn statements (from herself and other employees) that McDonald made derogatory comments about plaintiff's leg and manner of walking, and expressed concern that hotel guests would have negative perceptions about plaintiff's walking. (*See* Doc. 28-6 at 11-12; Doc. 28-5 at 2; Doc. 28-2 at 11). In an affidavit attached to the summary judgment motion, another employee states that McDonald made "several remarks" that McDonald was unsure of whether to continue employing plaintiff "due to" plaintiff's leg and that plaintiff's walking "looked bad" to guests. (Doc. 28-5 at 2). The affiant employee also states that, on the day plaintiff was fired, McDonald told the employee that she "had to let [plaintiff] go . . . [d]ue to her health reasons" and because she needed someone who "could move faster." (Doc. 28-5 at 3).

In response to plaintiff's summary judgment motion, defendant submits the affidavit of Ms. McDonald. There, she denies making any of the statements attributed to her by plaintiff or the other employees. (Doc. 30-3). McDonald also asserts that the decision to terminate plaintiff's employment "was neither based upon nor motivated by [plaintiff's] health, physical condition, physical appearance, alleged impairment, alleged disability, the manner in which [plaintiff] moved, or any perceptions thereof." (Doc. 30-3 at ¶ 3).

**II.     Analysis**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a summary judgment motion, the courts are to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). "Credibility determinations, the weighing of the evidence, and the

drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment. . . ." *Id.* at 255. The evidence of the non-movant is to be taken as true, and all justifiable inferences are to be drawn in non-movant's favor. *Id.*; *see Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012). "[A]t the summary judgment stage the judge's function is not to himself weigh the evidence and determine the truth of the matter but [is] to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

Here, defendant has submitted sworn testimony denying that the derogatory statements were made and denying that plaintiff's employment was terminated for any reason relating to a disability. Without weighing the conflicting evidence regarding defendant's motive, and construing the evidence in the light most favorable to defendant, the Court finds that there is a genuine dispute as to defendant's intent and motive in firing plaintiff. It is well-established that issues of motive or intent are "best left for trial and are within the province of the jury." *See Randle v. City of Aurora*, 69 F.3d 441, 453 (10th Cir. 1995) (citations omitted); *Romero v. Union Pac. R.R.,* 615 F.2d 1303, 1309 (10th Cir.1980) (questions of motive and intent are "particularly inappropriate for summary judgment disposition").

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment (Doc. 28) is **denied**.

**IT IS SO ORDERED** this 31st day of January, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

3